**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

**JAMES N. PLATER, SR.,**

      **Plaintiff,**

**vs.**                        **Case No. 1:05cv154-MP/WCS**

**OFFICER ROCHELLE MOSE,
et al.,**

      **Defendants.**

_____/

## AMENDED REPORT AND RECOMMENDATION

      This case was initiated by the *pro se* Plaintiff in September of 2005.  Doc. 1.  As Plaintiff did not pay the filing fee or submit an *in forma pauperis* motion, an order was entered giving him until October 31, 2005, to do one or the other.  Doc. 3.  Plaintiff partially complied with that order by submitting the computer printout of his inmate bank account, but because he did not supply the motion for leave to proceed *in forma pauperis,* another order was entered on November 18, 2005, giving him additional time to file the motion.  Doc. 13.  On December 5, 2006, Plaintiff filed the motion as required, the court granted him leave to proceed on December 16, 2006, and he was directed to pay an initial partial filing fee of $9.17 by January 6, 2006.  Doc. 16.  Because Plaintiff failed to pay the partial filing fee by the deadline, this court entered a report and

recommendation on January 20, 2006, recommending dismissal for his failure to timely comply with an order. Doc. 17.  On January 25, 2006, Plaintiff paid the partial filing fee and submitted a letter.  Docs. 18 and 22.   The court treated Plaintiff's letter as a motion for reconsideration, vacated the report and recommendation, and reviewed Plaintiff's complaint.

On February 15, 2006, an order was entered directing Plaintiff to file an amended complaint by March 17, 2006.  Doc. 23.  On March 3, 2006, Plaintiff requested an extension of time, doc. 24, which was granted in this court's order dated March 6, 2006 and Plaintiff was given until April 17, 2006, to submit the amended complaint.  Doc. 26. When Plaintiff once again failed to meet the deadline set by this court an order to show cause was entered on April 21, 2006, and Plaintiff was given to May 5, 2006, to file the amended complaint.  Doc. 29.  Plaintiff's failure to respond to the show cause order resulted in another report and recommendation being entered on May 9, 2006, for his failure to comply with a court order.  Doc. 30.

On the same day the report and recommendation was entered, Plaintiff filed a "response" in reply to the order to show cause order.  Doc. 31.  Plaintiff states that he is indigent and *pro se* and is "not effectively able to proceed in this case filing issues each month in order to keep up with the courts superior intelligence and learned attorneys, supported by financially sound government."  *Id.*  Plaintiff complains that he "must do research in a law library that is extreamly [sic] limitted [sic] to the issues at hand."  *Id.* He asserts that he must beg other inmates to help him and they "expect payment."  *Id.* Plaintiff reports that if he could be given an address to the A.C.L.U., he could proceed

"in a much faster manor [sic] more effectively."  *Id.*  Plaintiff contends he needs counsel to proceed in this case.  *Id.*

Plaintiff has been ordered on multiple occasions to submit an amended complaint.  That is a simple and straight forward requirement.  Plaintiff does not need access to the law library to do so, and there is no legal research required to comply with that order.  Until the court can determine the basis for this action and the claims Plaintiff wishes to raise, based on those facts, there is no need for an attorney in this case.

The Court has been attempting to obtain the amended complaint from Plaintiff since February 15, 2005.  If Plaintiff needed more time to comply with court orders, he could have filed another motion seeking additional time.  Plaintiff has not done so. Plaintiff's failure to timely comply with court orders necessitates vacating orders and is a wasteful exercise for the court.  Plaintiff should not be allowed to continue his practice of missing court imposed deadlines without a showing of good cause and then being given more time to comply.  It is time to dismiss this case for Plaintiff's failure to comply with numerous court orders.  Should Plaintiff decide that he wants to litigate his claims and will comply with court orders, Plaintiff may initiate a new case.   Accordingly, the prior report and recommendation entered in this case, doc. 30, is vacated and this amended report and recommendation is entered in its place.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED without prejudice** for Plaintiff's failure to comply with court orders.

**IN CHAMBERS** at Tallahassee, Florida, on May 12, 2006.


  s/      William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


## <u>NOTICE TO THE PARTIES</u>

     **A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**